Leslie Ray SMITH v. STATE of Arkansas

CA CR 93-1364                                              884 S.W.2d 632

Court of Appeals of Arkansas
Division I
Opinion delivered October 19, 1994

*David Wisdom Harrod*, Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Chief Judge. Leslie Ray Smith was found guilty by a Cleburne County jury of breaking or entering, a class D felony. He was sentenced to a term of four years imprisonment and fined $3,500.00. The sole argument on appeal is that the trial court erred in refusing to grant a directed verdict. We disagree and affirm.

At trial Carl Foust testified that he was the owner of the Home Town Car Wash in Heber Springs, Arkansas. In November and December of 1992, Foust began to notice that the dollar bill change machine at the car wash was coming up short on money. The machine would hold up to $200.00 in quarters. Finally, Foust set up an observation camera and photographed the defendant operating the dollar bill changer. Smith was inserting into the machine a dollar bill with a strand of dental floss glued to one corner to obtain quarters. He would then retrieve the bill from the machine using the dental floss.

Arkansas Code Annotated section 5-39-202, the statute under which the defendant was convicted, provides:

> (a) A person commits the offense of breaking or entering if for the purpose of committing a theft or felony he enters or breaks into any building, structure, vehicle, vault, safe, cash register, money vending machine, coin-operated amusement or vending machine, product dispenser, money depository, safety deposit box, coin telephone, coin box, fare box on a bus or other similar container, apparatus, or equipment.

No one argues that the defendant broke into the change machine; the issue is whether he "entered" it. Appellant argues:

> The testimony before the court, including video of the defendant in action, shows that he placed his dollar in the legally provided point of entry, and by sound, received his four quarters, and only then withdrew his dollar. The entire transaction from the deposit of the dollar to the payment of the quarters was lawful. The machine, due to a

design defect, allowed the defendant to withdraw his dollar.

> [T]o sustain proof of entry as required by the Code the State was required to prove that the appellant "unlawfully entered," physically with any part of his body, actually entered into any part of the coin machine, where he was not lawfully allowed.

> The issue of the defendant's intent to commit a theft is irrelevant, if the defendant was lawfully where he was allowed, concluded a legal transaction with the machine, and only then withdrew his dollar bill. Such action does not constitute breaking or entering under the Arkansas Code.

In answering this argument the trial judge said, "Were it not for that dental floss being attached to the dollar, you might have a valid argument." We agree.

■■ The statute treats an entry into any "money vending machine" as the equivalent of an entry into any building, such as a home. The first definition of "enter" in the *American Heritage Dictionary* (2d College Ed.) is "to come or go into." This is how we commonly think of "entry" into a building or structure. The second listed definition is "to penetrate; pierce," and the third is "to introduce; insert."

■ In the case at bar the jury could find that the appellant penetrated the machine with the dental floss with the purpose of committing a theft. The statute does not require that appellant enter the machine "physically with any part of his body" as opposed to using a tool.

Our conclusion is that the trial court correctly denied the motion for a directed verdict.

Affirmed.

PITTMAN and MAYFIELD, JJ., agree.